Equal Employment Opportunity Commission
Newark Area Office
One Newark Center, 21st Floor
Newark, NJ 07102
By: Jeffrey Burstein, Trial Attorney
Tel: (973) 645-2267
Fax: (973) 645-4524
Email: jeffrey.burstein@eeoc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) | **COMPLAINT** |
| **UNITED PARCEL SERVICE, INC.** | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Christopher Pompey who was adversely affected by such practices. As alleged with greater particularity below, Defendant United Parcel Service, Inc. ("UPS"), headquartered at 55 Glenlake Parkway NE, Atlanta, GA 30328, discriminated against Pompey on the basis of religion when it failed to reasonably accommodate Pompey's religious request, as a Jehovah's Witness, to modify his schedule as a truck loader at the Saddle Brook, New Jersey facility located at 280 N. Midland Avenue, Saddle Brook, NJ 07663 so that he could attend an annual religious service. When Pompey did not comply with the work schedule UPS insisted on because of his religious beliefs and practices, UPS terminated Pompey.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant United Parcel Service, Inc. ("UPS"), a Delaware corporation, has continuously been doing business in the State of New Jersey and the Township of Saddle Brook, and has continuously had at least 15 employees.

5. At all relevant times, Defendant UPS has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Pompey filed a charge with the Commission alleging violations of Title VII by Defendant UPS. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Pompey is a Jehovah's Witness and as such, has held and continues to hold a sincere religious belief that he must observe the Memorial of Christ's Death by attending an annual religious service, the "Memorial," held by his congregation. In 2011, the Memorial was celebrated on Sunday, April 17.

8. Since at least April 14, 2011, Defendant UPS has engaged in unlawful employment practices at the Saddle Brook, New Jersey facility, in violation of Sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e-(j) and 2000e-2(a). These practices include but are not limited to the following:

    a. UPS hired Pompey in early 2011 as a part-time truck loader at its Saddle Brook, New Jersey location. Pompey attended an orientation in April 2011 at the Saddle Brook facility.

    b. Pompey had been scheduled to begin working the overnight shift after the orientation period, but on the last day of orientation, on or about April 14, 2011, UPS informed Pompey that he had been rescheduled to begin working on Sunday, April 17, 2011 from 7 p.m. to 1 a.m.

    c. This new schedule conflicted with Pompey's ability to attend the Memorial, to be held by his congregation on Sunday April 17, 2011 at 9 p.m. at a location in Ridgefield, New Jersey.

    d. Upon learning of the conflict caused by the schedule, Pompey immediately informed his orientation instructor of the conflict, explaining that he needed to attend the Memorial of Christ's Death, an annual religious service, as part of his religion. Pompey requested that he either start a different day, start later than scheduled on April 17, or be given an hour leave during his shift to attend

3

the ceremony and return to work. Pompey also informed a Human Resources Supervisor of the conflict and his request for a modification to his schedule.

e. On or about Saturday, April 16, Pompey received a voice-mail message on his cell phone from the Human Resources Supervisor, notifying him that his request had been denied, that he was to begin work as scheduled on Sunday, April 17 at 7 p.m., and that this was non-negotiable.

f. Pompey refused to compromise his religious beliefs and practice and attended the Memorial on Sunday, April 17, 2011 instead of reporting to work.

g. UPS terminated Pompey for failing to comply with the requirement that he report to work on April 17 as scheduled.

h. UPS did not reasonably accommodate Pompey's religious beliefs and practice.

i. As part of his termination, UPS assigned Pompey a "do not rehire" status, which Pompey discovered when he was denied a position as a driver at another UPS facility. Following his termination in April 2011, but before July 2011, Pompey applied for a position as a driver at UPS' Staten Island, New York facility. UPS had previously found Pompey qualified for this position and had hired him as a driver in 2005 and 2010 at facilities in New York and New Jersey. When Pompey applied in 2011 after his termination in April, he was informed by a Staten Island Human Resources representative that he had been assigned a "do not rehire" status because of the prior incident at the Saddle Brook, New Jersey facility.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Pompey of equal employment opportunities and otherwise adversely affect his status as an employee and applicant, because of his religion.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Pompey.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant UPS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion.

B.      Order Defendant UPS to institute and carry out policies, practices, and programs which provide equal employment opportunities and reasonable accommodations for the religious observations, practices, and beliefs of job applicants and employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant UPS to make Pompey whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant UPS to make Pompey whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant UPS to make Pompey whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

F. Order Defendant UPS to pay Pompey punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: November 29, 2012
    Newark, New Jersey

                                        P. David Lopez
                                        General Counsel

                                        James Lee
                                        Deputy General Counsel

                                        Gwendolyn Reams
                                        Associate General Counsel
                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                        131 M Street NE
                                        Washington, D.C. 20507

                                        s/ Elizabeth Grossman
                                        Elizabeth Grossman
                                        Regional Attorney
                                        elizabeth.grossman@eeoc.gov

                                        s/ Raechel L. Adams
                                        Raechel L. Adams
                                        Supervisory Trial Attorney
                                        raechel.adams@eeoc.gov

                                        s/ Ana Consuelo Martinez
                                        Ana Consuelo Martinez
                                        Trial Attorney
                                        ana.martinez@eeoc.gov

                                        s/ Jeffrey Burstein
                                        Jeffrey Burstein
                                        Trial Attorney
                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                        Newark Area Office
                                        One Newark Plaza
                                        Newark, NJ 07102
                                        (973) 645-2267
                                        (973) 645-4524 (fax)
                                        jeffrey.burstein@eeoc.gov